## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-05095 MMM (PLAx) | Date | August 27, 2008 |
|---|---|---|---|

| Title | *Hardin v. Avaya, Inc., et.al.* |
|---|---|

Present: The Honorable    MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**      **Notice Of Procedural Defect In Removal**

### I. PROCEDURAL BACKGROUND

On May 29, 2008, plaintiff Marvin Hard in initiated this action in Los Angeles Superior Court against Avaya, Inc. ("Avaya"), Nathan Austin ("Austin"), and certain fictitious defendants. Plaintiff alleges that defendants harassed, discriminated, and retaliated against plaintiff because of plaintiff's race (African-American) and/or age (58 at the time of his termination).[1] Plaintiff asserts claims for unlawful discrimination based on age and/or race (Cal. Gov't Code § 12940(a)), retaliation based on age and/or race (Cal. Gov't Code § 12940(h)), age and/or race based harassment (Cal. Gov't Code § 12940(j)(1)), and failure to prevent discrimination and harassment (Cal. Gov't Code § 12940(k)).

Plaintiff mailed his complaint and notice of service on June 10, 2008; defendants signed Notices and Acknowledgment of Receipt on June 13, 2008.[2] Both defendants Avaya and Austin filed answers to the complaint on July 10, 2008.

---

[1] Notice of Removal, Exh. A (Complaint, ¶ 13).

[2] Pursuant to the California Code of Civil Procedure § 415.30(c), "[s]ervice of a summons [by mail] is deemed complete on the date a written acknowledgment of receipt of summons is executed, if such acknowledgment thereafter is returned to the sender." CAL. CODE CIV. PROC. § 415.30.

Defendants Avaya and Austin filed a notice of removal on August 4, 2008, more than thirty days after they received notice of the complaint. In the notice of removal, however, defendants allege that they received notice of plaintiff's citizenship on July 24, 2008.[3] The notice of removal alleges that the court has original jurisdiction over the action under 28 U.S.C. § 1332 because there is complete diversity between the named parties and the amount in controversy exceeds $75,000.[4]

## II. STANDARD FOR REMOVAL

District courts have original jurisdiction of civil actions in which the matter in controversy exceeds $75,000 and is between citizens of different states. See 28 U.S.C. § 1332(a). See also *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Jurisdiction founded on [diversity grounds] requires that the parties be in complete diversity and the amount in controversy exceed $75,000"). The "amount in controversy is determined from the face of the pleadings." *Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000). Jurisdiction is determined at the instant of removal. See *In the Matter of Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992).

In any case where subject matter jurisdiction is premised on diversity, there must be complete diversity, i.e., all plaintiffs must have citizenship different than all defendants. See *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806); see also *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 & n. 3 (1996). In determining diversity jurisdiction, the court must look to the citizenship of the parties, not merely the state in which each resides. See *Steigleder v. McQuesten*, 198 U.S. 141, 143 (1905). In *Steigleder*, the court held that residence and citizenship are "wholly different things within the meaning of the Constitution and the laws defining and regulating the jurisdiction of the circuit courts of the United States; and that a mere averment of residence in a particular state is not an averment of citizenship in that state for the purposes of jurisdiction." *Id*. See also *Jeffcott v. Donovan*, 135 F.2d 213, 214 (9th Cir. 1943). The burden of pleading citizenship is on the party seeking to invoke federal jurisdiction. See, e.g., *Cameron v. Hodges*, 127 U.S. 322, 325-26 (1888). See also *Ashoff v. City of Utah*, 130 F.3d 409, 410 (9th Cir. 1997).

## III. NOTICE OF PROCEDURAL DEFECT IN REMOVAL

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

---

[3]Notice of Removal, ¶ 6.

[4]*Id*. at ¶¶ 12, 13.

Parties seeking to remove must comply with certain procedural mandates. Among these is a requirement that a notice of removal be filed within thirty days after service of the summons and complaint. 28 U.S.C. § 1446(b); see *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). The statute provides for a renewed thirty-day removal period if the original complaint is not removable. This period commences on defendant's receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. . . ." 28 U.S.C. § 1446(b). Finally, the removal statute provides that no case may be removed on the basis of diversity jurisdiction "more than 1 year after commencement of the action." 28 U.S.C. § 1446(b).

The removing defendant bears the burden of establishing that removal is proper. See *Gaus v. Miles*, 980 F. 2d. 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)); see also *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996) (when removing a case to federal court, defendants bear the burden of proving, by a preponderance of the evidence, actual facts sufficient to support jurisdiction). The removal statute is strictly construed against removal, and all doubts respecting jurisdiction are resolved in favor of remand. *Gaus*, 980 F.2d at 566; *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).

Defendants have not alleged sufficient facts in their notice of removal to permit the court to determine the timeliness of the removal. The summons and complaint were mailed to the defendants on June 10, 2008 and signed for on June 13, 2008.[5] Defendants filed the notice of removal on August 4, 2008. The defendants allege that the plaintiff's complaint did not identify his current place of residence or state of citizenship.[6] They then allege that they received notice on July 24, 2008 through plaintiff's counsel that plaintiff was a resident of Los Angeles, California.[7] Defendants, therefore, allege that they first ascertained plaintiff was a citizen of California on July 24, 2008.[8]

However, although the plaintiff's citizenship is not alleged in the complaint, the plaintiff worked for the defendant in California for 36 years, from September 22, 1970 to July 17, 2007.[9] Given this fact, the court believes that the defendants may have known the plaintiff's state of citizenship prior to July 24, 2008; therefore, the defendants' removal of the action may have been untimely under 28 U.S.C. § 1446.

---

[5]*Id.* at ¶ 2.

[6]*Id.* at ¶ 6.

[7]*Id.*

[8]*Id.*

[9]*Id.* at ¶ 4.

The court, however, cannot *sua sponte* remand a case for a procedural defect in removal. See *Kelton Arms Condominium Owners Ass'n. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192-93 (9th Cir. 2003). Failure to comply with the thirty-day time limitation renders the removal procedurally defective. See *Ford v. New United Motors Mfg., Inc.*, 857 F.Supp. 707, 708 (N.D. Cal. 1994). Because procedural defects in removal are not jurisdictional, they may be waived. *Id*. Thus, plaintiff must move to remand this case, if he wishes to do so.

## IV. CONCLUSION

Plaintiff may file a motion to remand this action if removal was procedurally defective. Such a motion must be filed no later than **September 3, 2008**. If no motion to remand is filed by that date, the court will assume that plaintiff waives any procedural objections he would otherwise be entitled to assert to defendants' notice of removal.