Marshall A. Caskey, Esq. SBN 065410
Daniel M. Holzman, Esq. SBN 176663
Thomas L. Dorogi, Esq. SBN 236338
CASKEY & HOLZMAN
6255 Sunset Boulevard, Suite 2212
Los Angeles, California 90028-7423
Telephone: (323) 476-2100
Facsimile: (323) 461-1823

Attorneys for Plaintiff
MARVIN HARDIN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN HARDIN,<br><br>    Plaintiff,<br><br>vs.<br><br>AVAYA, INC., a Delaware Corporation;<br>NATHAN AUSTIN, an individual; and DOES 1<br>through 20, inclusive,<br><br>    Defendants. | Case No. CV 08-05095-MMM(PLAx)<br>[Assigned to the Honorable Margaret M. Morrow; Courtroom 780]<br><br>**PLAINTIFF MARVIN HARDIN'S NOTICE OF MOTION AND MOTION TO REMAND CASE TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:  October 20, 2008<br>Dept.: Room 780 (Los Angeles-Roybal)<br>Time: 10:00 a.m. |

**PLEASE TAKE NOTICE THAT** on October 20, 2008, at 10:00 a.m., or a soon thereafter as may be heard in Courtroom 780 located at 255 East Temple Street, Los Angeles, California, Plaintiff Marvin Hardin ("Plaintiff" or "Mr. Hardin") will and hereby does move this honorable Court to remand the above-captioned case to California state court on the following grounds:

    1.     Defendant Avaya, Inc.'s and Nathan Austin's ("Defendants") removal of this action from California state court was untimely under 28 U.S.C. § 1446(b); <u>and</u>

    2.     Based on the "Notice of Procedural Defect In Removal" issued on August 27, 2008, this Court invited Plaintiff to file a motion to remand this action to California state court no later than September 3, 2008.

Subsequent to the issuance of this Court's Notice of Procedural Defect In Removal, on August 27, 2008, counsel for the parties in this action met and conferred in good faith pursuant to

1  L.R. 7-3. Thus, this motion is made following the conference of counsel pursuant to L.R. 7-3
2  which took place on August 27, 2008.
3      This motion is based on this notice, the attached memorandum of points and authorities,
4  the pleadings and papers on file in this action, upon the Declaration of Marvin Hardin dated
5  August 27, 2008, filed herewith, and upon such other oral and or documentary evidence as may
6  be presented at the hearing on this motion.
7  Dated: September 3, 2008                                    CASKEY & HOLZMAN

                                                        **/s/ Thomas L. Dorogi**
                                                        _____
                                                         Thomas L. Dorogi
                                                         Counsel for Plaintiff
                                                         MARVIN HARDIN

# MEMORANDUM OF POINTS AND AUTHORITIES

1. <u>Grounds for Motion to Remand</u>.

On May 29, 2008, Plaintiff filed his Complaint for Damages in Los Angeles Superior Court against Defendants (identified as Case No. BC391637). (Removal Notice ("RN"); Exhibit A). In his Complaint for Damages, Plaintiff alleges Defendants discriminated, harassed, and retaliated against Plaintiff based on his race and age. (RN; Exhibit A at pp. 11-16). Specifically, in the factual allegations, Plaintiff alleges:

1. "Plaintiff was hired by Defendant Avaya on September 22, 1970, in a clerical position to support residential and business installers and repairmen." (RN; Exhibit A at ¶ 4).

2. "In the months immediately preceding his termination, Plaintiff was assigned to the Avaya "garage" (or work site) located at 400 South Hindry Street, in Inglewood, California." (RN; Exhibit A at ¶ 6).

3. Plaintiff's regular work schedule was 8:00 a.m. to 4:30 p.m., Monday through Friday." (RN; Exhibit A at ¶ 7).

4. Plaintiff was terminated from his employment at Avaya on July 17, 2007. (RN; Exhibit A at ¶¶ 40-42).

Although Plaintiff's state citizenship is not specifically alleged in the Complaint for Damages, based on a plain reading of the factual allegations in the Complaint for Damages, it is clear Defendants knew Plaintiff was a California citizen. As Plaintiff explains in his declaration filed in support of this Motion to Remand, it is patently obvious Defendants were aware of his citizenship at the time Plaintiff filed his state court action (BC391637).

Specifically, Plaintiff declares:

> I was employed by Defendant Avaya, Inc., in California between September 22, 1970, and July 17, 2007. I currently reside in, and was a citizen of the State of California throughout my employment with Defendant Avaya, Inc. Since my termination from employment with Defendant Avaya, Inc., my state residency and citizenship have not changed. On the date my state court complaint was filed, I was a resident and citizen of the State of California, residing at 3422 5th Avenue, Los Angeles, California. This was the same address and place of residence I held on the date of my termination from Defendant Avaya, Inc., in July 2007. My present address is the same address I had on file with Defendant Avaya, Inc., while I was employed with Defendant Avaya, Inc.

(Declaration of Marvin Hardin at ¶ 2).

Based on Mr. Hardin's declaration and the factual allegations contained in the Complaint for Damages, it is clear Defendants' Notice of Removal was untimely under 28 U.S.C. §

3

1446(b). Defendants cannot argue they "first ascertained on July 24, 2008 that plaintiff Hardin is, and, at the time this action was commenced, was, a citizen of the State of California within the meaning of 28 U.S.C. § 1332(a)." (RN at ¶ 6). As alleged in the Complaint for Damages, Mr. Hardin worked for Avaya at its Inglewood, California "garage" in the months immediately preceding his termination, had been employed by Defendant Avaya, Inc., in California since 1970, and was terminated from employment while working at the Inglewood, California work site.

Therefore, the critical question to ask is:

> At the time Defendants learned Plaintiff had commenced an action in state court, did they have reason to believe Mr. Hardin had suddenly and miraculously left California and taken up residence in a foreign state or land?

The removing defendant bears the burden of establishing that removal is proper. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). As this Court noted in its Notice of Procedural Defect In Removal, the "removal statute is strictly construed against removal, and all doubts respecting jurisdiction are resolved in favor of remand." (Notice of Procedural Defect In Removal at p. 3). Given the Plaintiff's employment history was contained in the factual allegations portion of the Complaint for Damages, Defendants cannot argue they were wholly unaware of Plaintiff's citizenship until July 24, 2008. Thus, although Plaintiff acknowledges that Defendants have no "duty" to *investigate* to determine the jurisdictional facts supporting removal,[1] no investigation here was necessary as it is clear Defendants were aware Mr. Hardin was a California resident when he commenced his action in Los Angeles Superior Court. Remand is proper.

2.   Conclusion.

Therefore, based on the foregoing, Plaintiff requests this motion be granted and this action be remanded to California state court for further proceedings.

Dated: September 3, 2008                                    CASKEY & HOLZMAN

**/s/ Thomas L. Dorogi**
_____
Thomas L. Dorogi
Counsel for Plaintiff
MARVIN HARDIN

---

[1] *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689 (9th Cir. 2005).